**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARRIE MALEC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 4092 |
| ) | |
| MTV NETWORKS, VIACOM INC., ) | |
| NICOLE "SNOOKI" POLIZZI, ) | |
| JENNI "JWOWW" FARLEY, and OTHER ) | |
| UNIDENTIFIED EMPLOYEES OF ) | |
| CORPORATE DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Before the court is the motion of defendants Viacom Inc. and MTV Networks to dismiss plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For the following reasons, the motion is granted.

## **BACKGROUND**

Plaintiff, Carrie Malec, brings this diversity action against defendants Viacom Inc. ("Viacom"); MTV Networks ("MTV"), a division of Viacom;[1] Nicole Polizzi; Jenni Farley; and unidentified employees of Viacom and MTV. The action relates to the taping of an episode of "Jersey Shore," a reality show that is broadcast by

---

[1] It is unclear from the filings whether MTV is a legal entity separate from Viacom. The corporate defendants refer to MTV as a "division" of Viacom, but also refer to themselves as "defendants," plural, so we will treat them as two defendants.

Viacom on MTV, a cable television channel.  Polizzi and Farley are cast members of "Jersey Shore."

The complaint alleges that on May 6, 2010, Malec was at a nightclub in Miami, Florida where a "Jersey Shore" episode was being taped.  She danced with a cast member or members of the show and then signed an "Appearance Release" (the "Release") consenting to the use of her likeness in connection with the show.  Malec claims that thereafter, Polizzi and Farley along with unnamed employees of the corporate defendants "initiated an assault, battered, and physically abused" her, causing bodily injury and severe emotional distress.  (Corrected Compl. ¶ 16.)  It is alleged that Viacom and MTV knowingly placed plaintiff "in a situation that would provoke physical harm in order to provide a television spectacle, receive profits, and produce a lucrative business endeavor."  (Corrected Compl. ¶ 17.)  As of the date the operative complaint was filed (July 1, 2010), previews--which included the plaintiff--of the episode at issue had aired, but not the episode itself.  (Corrected Compl. ¶ 21.)

In Count I of the complaint, Malec seeks to enjoin Viacom and MTV from broadcasting or in any other way disseminating the episode featuring her.  Count II is a claim against Viacom and MTV for violation of Florida's RICO statute, Fla. Stat. Ann. § 772.103.  Count III is a state-law assault and battery claim against all defendants.

Viacom and MTV now move for dismissal based on a forum-selection clause in the Release.

## **DISCUSSION**

"A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3)." Muzumdar v. Wellness Int'l Network, Ltd., 438 F.3d 759, 760 (7th Cir. 2006). The Seventh Circuit has held that the validity of a forum-selection clause must be determined "by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears." Abbott Labs. v. Takeda Pharm. Co., 476 F.3d 421, 423 (7th Cir. 2007); see also IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union, 512 F.3d 989, 991 (7th Cir. 2008).

The Release contains the following clause:

> This Release shall be construed and enforced in accordance with the laws of the State of California applicable to agreements of this nature and you hereby consent to the exclusive jurisdiction and venue of said State.

(Defs.' Mot. to Dismiss, Ex. B, at 2.) Therefore, pursuant to Takeda, which is cited by neither plaintiff nor defendants,[2] we must apply California law.

Under California law, mandatory forum-selection clauses are valid and should be given effect unless enforcement of the clause

---

[2] Plaintiff contends that we should apply Florida law, and defendants contend that we should apply Illinois law.

would be unfair or unreasonable, i.e., that the forum selected would be unavailable or unable to accomplish substantial justice. Intershop Commc'ns., AG v. Superior Court, 127 Cal. Rptr. 2d 847, 850 (Cal. Ct. App. 2002); Cal-State Bus. Prods. & Servs., Inc. v. Ricoh, 16 Cal. Rptr. 2d 417, 424-25 (Cal. Ct. App. 1993). The choice of forum must have some rational basis in light of the facts underlying the transaction, and it must not bring about a result contrary to the public policy of California, but neither inconvenience nor additional expense in litigating in the selected forum are considered. Cal-State, 16 Cal. Rptr. 2d at 425; Intershop, 127 Cal. Rptr. 2d at 853. Even forum-selection clauses in contracts of adhesion that are not read are enforceable as long as the clause, when read, provides adequate notice that the party was agreeing to the jurisdiction cited in the contract and there is no evidence of coercion. Hunt v. Superior Court, 97 Cal. Rptr. 2d 215, 219 (Cal. Ct. App. 2000); Cal-State, 16 Cal. Rptr. 2d at 425. The party contesting enforcement of a forum-selection clause bears the burden of showing that enforcement would be unfair or unreasonable given the circumstances of the case. Intershop, 127 Cal. Rptr. 2d at 852.

Plaintiff does not argue that enforcement of the venue provision *itself* would be unfair or unreasonable or bring about a result contrary to the public policy of California, that the choice of forum has no rational basis, or that the clause did not provide

her with adequate notice that she was agreeing to the California forum. Instead, she argues that the Release *as a whole* is unenforceable because it attempts to contract against liability for a future intentional tort, which according to plaintiff is substantively unconscionable and in contravention of California public policy. She also argues that the Release is procedurally unconscionable because it "was tendered" to her "in the darkness of a nightclub" at midnight and was printed in a small font. (Pl.'s Resp. at 11-13.)

The narrow issue before us is the enforceability of the forum-selection clause. The provision that plaintiff claims is an attempt to contract against liability for future torts is an entirely separate provision. We do not consider the enforceability of other provisions of the Release or the Release as a whole unless plaintiff claimed fraud in its execution (meaning that she was deceived as to the nature of her act and did not know what she was signing, or did not intend to enter into a contract at all). See Rosenthal v. Great W. Fin. Secs. Corp., 926 P.2d 1061, 1073-74 (Cal. 1996) (citing Prima Paint Corp. v. Flood & Conklin Mfg., 388 U.S. 395, 404 (1967), in which the Supreme Court held that an arbitration clause is to be treated as a separate agreement from the contract in which it is included); cf. Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 & n.14 (1974) (extending the Prima Paint

doctrine to forum-selection clauses). Plaintiff does not assert that there was fraud in the execution of the Release.

To the extent that plaintiff's contentions can be construed as being directed at the enforceability of the forum-selection clause specifically, they are rejected. Plaintiff fails to explain how the circumstances under which the Release was "tendered" to her were unfair. Although she complains that the lighting at the nightclub was poor and that the font of the Release was small, she does not claim that she did not have the opportunity to read it, was unable to read it, or even that she did not in fact read it. She merely states that it was "difficult" to read. (Pl.'s Resp., Ex. B, Aff. of Carrie Malec ¶ 2.) She does not claim that anyone prevented her from reading it or from moving to an area with better lighting so that she could read it or that she was coerced or tricked into signing it. She does not claim that she was unable to understand the Release. Plaintiff offers no explanation as to why the time that she signed it should factor into our analysis, and we see none. Malec had a meaningful choice whether to sign the Release, so her unconscionability argument fails. See Berard Constr. Co. v. Municipal Court, 122 Cal. Rptr. 825, 833 (Cal. Ct. App. 1975) (enforcing forum-selection clause where there was no "legally cognizable excuse" for plaintiff's failure to read small print in the contract he signed; plaintiff made no showing that he

was prevented from reading the contract or from fully comprehending the meaning of the language used).

Because plaintiff has failed to demonstrate that there is any basis for denying enforcement of the forum-selection clause, the corporate defendants' motion to dismiss the complaint will be granted.

## CONCLUSION

For the foregoing reasons, the motion of defendants Viacom, Inc. and MTV Networks to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) [9] is granted. This case is dismissed without prejudice to refiling in the proper venue.

DATE: December 20, 2010

ENTER: _____
John F. Grady, United States District Judge